FILED
CLERK, U.S. DISTRICT COURT

APR 28 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                                DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOMLA-GO ALEXANDER APALOO,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL MUKASEY, United States Attorney General, et al.,<br><br>Respondents. | NO. CV 07-8434-TJH(E)<br><br>ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. The Court approves and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that: (1) all pending motions filed by Petitioner are denied without prejudice; and (2) Judgment shall be entered denying and dismissing the Petition without prejudice.

///

///

///

1  IT IS FURTHER ORDERED that the Clerk serve copies of this
2  Order, the Magistrate Judge's Report and Recommendation and the
3  Judgment herein by United States mail on Petitioner and counsel for
4  Respondents.

6  LET JUDGMENT BE ENTERED ACCORDINGLY.

8  DATED: _____4/27_____, 2008.

11  _____
   TERRY J. HATTER JR.
12  UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOMLA-GO ALEXANDER APALOO,  <br><br>Petitioner,  <br><br>v.  <br><br>MICHAEL MUKASEY, United States Attorney General, et al.,  <br><br>Respondents. | NO. CV 07-8434-TJH(E)  <br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable Terry J. Hatter Jr., United States District Judge, pursuant to 28 U.S.C. section 636 and General Order 05-07 of the United States District Court for the Central District of California.

### BACKGROUND

Petitioner filed a "Petition for Writ of Habeas Corpus" on December 31, 2007. At that time, Petitioner was a detainee of United States Immigration and Customs Enforcement ("ICE"). The Petition

1 complained of the length of Petitioner's detention and sought release
2 from that detention.

4 On February 28, 2008, Respondents filed a "Notice Re: Release
5 of Petitioner from Custody, etc." ("the Notice"). The Notice reported
6 that ICE released Petitioner from detention on February 27, 2008. The
7 Notice suggested that this release moots the Petition.

9 On February 28, 2008, the Magistrate Judge issued an Order to
10 Show Cause ("OSC"). The OSC mandated that, within twenty days,
11 Petitioner show cause, if there be any, why the Petition should not be
12 denied and dismissed without prejudice as moot. The OSC also
13 cautioned: "[f]ailure timely to respond to this order may result in
14 the denial and dismissal of the Petition." Petitioner failed to file
15 a timely response to the OSC.

### DISCUSSION

The Petition should be denied and dismissed without prejudice
on grounds of mootness and failure to prosecute.

"[F]ederal courts are without power to decide questions that
cannot affect the rights of the litigants in the case before them."
North Carolina v. Rice, 404 U.S. 244, 246 (1971) (citation omitted).
The "case or controversy" requirement of Article III of the
Constitution requires that the litigants "continue to have a 'personal
stake in the outcome' of the lawsuit." Spencer v. Kemna, 523 U.S. 1,
7 (1998) (citations omitted). This means that, throughout the

litigation, Petitioner "must have suffered, or be threatened with, an actual injury . . . likely to be redressed by a favorable judicial decision." Id. (citation omitted).

In the present case, the release of Petitioner from detention has eliminated any threatened or actual injury that could be redressed by habeas relief. Consequently, the Petition should be denied and dismissed without prejudice as moot.[1/] See American Rivers v. National Marine Fisheries Service, 126 F.3d 1118, 1123 (9th Cir. 1997) ("If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed"); DeMille v. Belshe, 1995 WL 23636 *1 (N.D. Cal. Jan. 12, 1995) (habeas claim is moot where petitioner already has received the relief requested).[2/]

Petitioner's failure to respond timely to the OSC furnishes an additional basis for denial and dismissal of the Petition without prejudice. The failure to respond timely reflects a failure diligently to prosecute this action. The Court has inherent power to achieve the orderly and expeditious disposition of cases by dismissing

---

[1] This dismissal should be without prejudice to any rights or remedies Petitioner may have under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Federal Tort Claims Act, or any other federal law potentially authorizing the recovery of damages.

[2] Because there are no collateral consequences of the former detention that habeas relief can redress, the present case is distinguishable from Zegarra-Gomez v. I.N.S., 314 F.3d 1124 (9th Cir. 2003). See Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007), cert. denied, 2008 WL 219264 (U.S. Mar. 17, 2008) (release or deportation of immigration detainee moots habeas petition in the absence of some collateral consequence redressable by habeas relief).

1 | actions for failure to prosecute.  <u>Link v. Wabash R.R.</u>, 370 U.S. 626,
2 | 629-30 (1962); <u>see</u> Fed. R. Civ. P. 41(b).

**RECOMMENDATION**

Therefore, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) denying without prejudice all pending motions filed by Petitioner;[3/] and (3) directing that Judgment be entered denying and dismissing the Petition without prejudice.

DATED:  March 25, 2008.

/s/
_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3] On February 20, 2008, just prior to Petitioner's release, Petitioner filed documents purportedly moving for "release" and "expedited summary judgment." See "Petitioner's Request for Expedited Summary Judgement [sic] and Motion to Release," filed February 20, 2008. These motions are moot for the same reasons the Petition is moot.

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.